UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTON C. PURISIMA,

                             Plaintiff,

              -against-

KAMALA HARRIS, et al.,

                             Defendants.

1:24-CV-8314 (ER)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

Ramos, D.J.:

By order dated May 29, 2013, in a previous *pro se* action brought by Plaintiff Anton C. Purisima, the court barred him from filing future civil actions in this court *in forma pauperis* ("IFP") with first obtaining the court's leave to file. *Purisima v. Comm'r of Soc. Sec.*, ECF 1:13-CV-1068, 7 (S.D.N.Y. May 29, 2013). That order instructed Plaintiff that "[a]ny motion for leave to file must be captioned [as an] 'Application Pursuant to Court Order Seeking Leave to File,'" and that "Plaintiff must attach a copy of his proposed complaint and attach a copy of [the May 29, 2013 order] with each and any such motion." *Id.* at 1. On October 30, 2024, Plaintiff filed, in this *pro se* action, an IFP application and a "request to file a new case." ECF 1:24-CV-8314, 1, 2. The next day, October 31, 2024, Plaintiff filed a proposed complaint in which he, as well as other individuals, are named as the plaintiffs in this action, but that only he has signed.[1] On November 4, 2024, Plaintiff filed a letter, which the Court construes as a supplement to his proposed complaint. ECF 1:24-CV-8314, 5. In an order issued on that same date, the court granted Plaintiff leave to proceed in this action IFP. ECF 1:24-CV-8314, 6.

---

[1] For this reason, the Court refers to Anton C. Purisima as the sole plaintiff in this action.

For the reasons set forth below, the Court vacates the court's November 4, 2024 order granting Plaintiff leave to proceed in this action IFP, denies Plaintiff leave to file this action, and dismisses this action without prejudice.

## BACKGROUND

In his "request to file a new case," Plaintiff asserts that he has been continuously discriminated against and retaliated against due to his political affiliation with the Republican Party, and that members of his family who live in the Philippines have also suffered discrimination and retaliation due to their political affiliations. *Id.* at 1. He also alleges that he has been denied "benefits" in multiple States (including California, New York, New Jersey, Pennsylvania, Virginia, and other States), as well as in Washington, D.C. and in the Philippines. *Id.* at 2. He further states that his children have been denied medical care and dental care, both in the United States and in the Philippines, because of his political affiliation. *Id*. Plaintiff additionally claims that he and his family members have been denied workers' compensation benefits, Social Security disability benefits, and Social Security retirement benefits. *Id.* at 2-3. He states that, 30 years ago, his son was assaulted at an elementary school in Los Angeles, California, and that he, Plaintiff, was denied "benefits" to care for his son. *Id.* at 3. He asserts that Vice President Kamala Harris, in her previous role as Attorney General of the State of California, was responsible for "all those years [he] was hurt and [his family members] in the . . . Philippines and . . . in the United States were . . . hurt and continuing to the present times of hurting [*sic*]." *Id.* at 4. Plaintiff also states that, on or about June 4, 2024, he was assaulted in Los Angeles, California, and that, on "information and belief[,] the assault was investigated by" Vice

President Harris, and that he was assaulted because of his political affiliation and that Harris was responsible for its "cover-up." *Id.*

Plaintiff, in his proposed complaint's statement of claim, incorporates by reference the allegations he makes in his "request to file a new case." ECF 1:24-CV-8314, 4, at 8. In the relief section of his proposed amended complaint, Plaintiff seeks "immediate payments of all back wages, all disability workers' compensation, and Social Security disability payments." *Id.* at 9. He also seeks:

> "return" and "payments" of all properties taken in the Philippines . . . ; removal of licenses; punitive damages payments; referral for criminal prosecution of all criminal acts by the[] . . . defendants; an order for [the] removal of [the defendants] from their offices; [] an order "to invalidate" their candidacy in an Office for President of the United States of America or any other office ("private" or "Government"); an order to face trial in the . . . Philippines and face trial in the United States . . . for civil case and criminal cases, as applicable in both countries [*sic*].

*Id.* at 9-10.

In Plaintiff's subsequently filed letter, which the Court has construed as a supplement to his proposed complaint, Plaintiff requests to add additional defendants to this action, and to regard the letter as a motion to disqualify Vice President Harris as a candidate for the Office of President of the United States "because of her acts as Attorney General of the State of California." ECF 1:24-CV-8314, 5, at 1-2. He also asks that his letter be regarded as a "charge" of "elder[] abuse" against all of the named defendants, and that they be criminally charged for "sending the wrong information on-line or through" the internet. *Id.* at 2-3.

## DISCUSSION

The court did not grant Plaintiff leave to file this action before granting him leave to proceed in this action IFP, as required by the order issued in *Purisima*, ECF 1:13-CV-1068, 7. In addition, Plaintiff's claims in this action are frivolous, that is, his allegations are clearly baseless and/or his claims are based on an indisputably meritless legal theory. *See*, *e.g.*, *Livingston v.*

3

*Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Thus, it appears that the court granted Plaintiff leave to proceed in this action IFP in error. The Court therefore vacates the court's November 4, 2024 order granting Plaintiff leave to proceed in this action IFP (ECF 6), denies Plaintiff leave to file this action IFP (ECF 2), and dismisses this action without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to a enter a judgment dismissing this action without prejudice for the reasons articulated in this order.

SO ORDERED.

Dated:    November 8, 2024
          New York, New York

_____
         EDGARDO RAMOS
    United States District Judge